UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARIA MALDONADO-RODRIGUEZ, ) ) Plaintiff, ) ) v. ) ) CITIBANK, N.A., and JAVITCH, BLOCK ) & RATHBONE, LLC, ) ) Defendants. ) | CAUSE NO. 2:12-CV-150 JD |

**OPINION AND ORDER**

On April 18, 2012, Plaintiff Maria Maldonado-Rodriguez ("Rodriguez") sued Defendants Citibank, N.A., ("Citibank") and Javitch, Block & Rathbone, LLC, ("JB&R") for alleged violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. [DE 1]. On April 19, 2012, summons were issued to both defendants. On May 14, 2012, Citibank moved to dismiss the Complaint against it for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). [DE 4]. In the motion, Citibank argues that it is a "creditor," and not a "debt collector," for the purposes of the FDCPA, and that Rodriguez therefore has no cause of action against it. JB&R did not join the motion, instead filing an Answer on the same day. [DE 6]. Rodriguez never responded to Citibank's motion to dismiss, but did try (unsuccessfully) to file an Amended Complaint which differed from the original Complaint only in that it dropped Citibank from the litigation, thus appearing to admit that there is some merit to Citibank's argument. [DE 8; DE 10; DE 11]. The court now grants Citibank's motion and dismisses Citibank from this litigation.

**DISCUSSION**

**A.     Standard of Review**

Fed. R. Civ. P. 12(b)(6) authorizes dismissal if the complaint fails to set forth a claim upon which relief can be granted. *See Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172 (1965); *United States v. Singer Mfg. Co.*, 374 U.S. 174 (1963); *Xechem, Inc. v. Bristol-Meyers Squibb Co.*, 372 F.3d 899 (7th Cir. 2004). Generally speaking, courts faced with a Rule 12(b)(6) motion must inquire whether the complaint satisfies the "notice-pleading" standard. Under that test, "a complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In evaluating the sufficiency of a claim under the notice-pleading standard, "we construe [the complaint] in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in her favor." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (citing *Reger Dev. LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (internal quotation marks omitted)).

But while notice-pleading remains the rule, the Supreme Court has more recently promulgated a "two-pronged approach" to the consideration of a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2009) (citing *Twombly*). After *Iqbal*, the court begins "by identifying pleadings that, because they are no more than conclusions, are *not* entitled to the assumption of truth." *Id*. (emphasis added). This includes legal conclusions couched as factual allegations, *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir. 2010), as well as "threadbare recitals of a cause of action's elements, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 663

(citing *Twombly*, 550 U.S. at 555). Next, "[w]hen there *are* well-pleaded factual allegations, a court should assume their veracity and then determine whether they *plausibly* give rise to an entitlement to relief." *Id*. at 679 (emphasis added).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 678. Accordingly, while the plaintiff need not plead "detailed factual allegations[,]" *see Reynolds*, 623 F.3d at 1146 (citing *Iqbal*), the complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Maddox*, 655 F.3d at 718 (citing *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (emphasis in original)); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir.2008). "But a plaintiff's claim need not be probable, only plausible: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Twombly*, 550 U.S. at 556). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Id*. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *See Iqbal*, 556 U.S. at 679.

**B.     Analysis**

The question in this case is whether Rodriguez's Complaint states a plausible claim for relief against Citibank under the FDCPA. To obtain relief under the FDCPA, a plaintiff must plead and prove four elements:

3

(1) the plaintiff is any natural person who is harmed by violations of the FDCPA, or is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) or § 1692c(d) for purposes of a cause of action under 15 U.S.C. § 1692c (communication in connection with debt collection) or 15 U.S.C. § 1692e(11) (concerning failure to provide the consumer debtor with a "mini-Miranda" warning);

(2) the "debt" arises out of a transaction entered primarily for personal, family, or household purposes; 15 U.S.C. § 1692a(5);

(3) **the defendant collecting the debt is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6);** and

(4) the defendant has violated, by act or omission, a provision of the FDCPA, 15 U.S.C. § 1692a-1692o; 15 U.S.C.A. 1692a; 15 U.S.C.A. § 1692k.

Marjorie Wengert, 29 CAUSES OF ACTION 2D 1, § 9 (updated December 2012) (emphasis added). Citibank's argument goes to the third element. It argues that Rodriguez failed to plausibly plead that Citibank is a "debt collector," as defined at 15 U.S.C. § 1692a(6), instead pleading that Citibank is a "creditor," [DE 1 ¶ 9], and that Rodriguez has therefore failed to state a claim. As a corollary, Citibank argues that it undeniably *is* a "creditor," as that term is defined at 15 U.S.C. § 1692(a)(4), and that "creditors" cannot also be "debt collectors" under the FDCPA. Citibank is correct on both points.

**1. Statutory Definitions and Distinctions in the Case Law**

The FDCPA defines "debt collector" as:

[A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6). It defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed[.]" § 1692a(4). Viewing the two definitions together, one can see

that a "creditor" who is collecting its own debt is not also a "debt collector" unless it "uses any name other than [its] own" in such a way as to indicate that a third party is involved.

The case law bears the distinction out. "'[A] distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all.'" *Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005) (quoting *Randolph v. I.M.B.S., Inc.*, 368 F.3d 726, 729 (7th Cir. 2004)); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996) ("a debt collector does not include the consumer's creditors") (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) ("Creditors – as opposed to 'debt collectors' – generally are not subject to the FDCPA.") (citing *Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998)); *see also Scott v. Wells Fargo Home Mortg. Inc.*, 326 F. Supp. 2d 709, 717 (E.D. Va. 2003) ("It is well-settled that provisions of the FDCPA generally apply only to debt collectors . . . . And, creditors are not liable under the FDCPA." (citations omitted)). Thus, in order to have stated a claim against Citibank, Rodriguez must have plausibly pleaded that Citibank *is* a debt collector and *is not* a creditor.[1]

### 2. Application to the Complaint

Only three paragraphs of the Complaint are relevant to this dispositive question. In paragraph 9, Rodriguez states:

> Defendant CITIBANK . . . is a creditor as that term is defined by *15 U.S.C. 1692a(4)*, and allegedly extended credit to the Plaintiff.

[DE 1 ¶ 9 (emphasis original)]. In paragraph 11, Rodriguez states:

> Defendants are collection agencies that in the ordinary course of business, regularly, on behalf of itself or others, engage in debt collection.

---

[1] Or, in theory, that Citibank is a creditor who attempted to collect its debt under another name. 15 U.S.C. § 1692a(6). But that exception is irrelevant here; Rodriguez has not even attempted to invoke it.

[DE 1 ¶ 11]. In paragraph 13, Rodriguez states:

> Defendants, and each of them, engage in business, the principle of which is the collection of debts using mail and telephone. Defendants, and each of them, regularly and in the ordinary course of business attempts to collect consumer debts alleged to be due.

[DE 1 ¶ 13].

The first step of the *Iqbal* analysis is "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 556 U.S. at 679-80. The same goes for "threadbare recitals of a cause of action's elements, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 663. Putting aside for the moment that these three paragraphs of the Complaint are contradictory, they appear to be little more than "threadbare recitals" of the statutory definitions. Paragraph 9 simply cites the statutory definition of a creditor, and states that Citibank "allegedly" qualifies. Paragraphs 11 and 13 are essentially a copy-and-paste of the language defining a "debt collector" at 15 U.S.C. § 1692a(6). There is no attempt to substantiate these factual allegations with information specific to this case and to these supposed debt collectors anywhere in the Complaint. That alone is cause for concern.

More importantly, however, it is clear that Citibank is, in fact, a creditor. First, Rodriguez herself acknowledged as much by pleading that Citibank is a "creditor" under the FDCPA, and by failing to plead any special circumstances that would allow it to be considered a "debt collector" as well. [DE 1 ¶ 9]. Second, while the Court's consideration of a motion to dismiss is generally limited to the pleadings and any exhibits directly attached thereto, the Seventh Circuit has held that "a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment." *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir.

2000) (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)). That includes court documents relevant to the issues in the Complaint. *See Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 676 n. 2 (7th Cir. 2009). Citibank has produced records from the Lake County Superior Court [DE 5-1; DE 5-2; DE 5-3] which show that it sued Rodriguez to obtain money owing under a credit card agreement [DE 5-1] and obtained a judgment against Rodriguez in the amount of $1,729.65 plus costs and post-judgment interest. [DE 5-2]. These records are file-stamped and are certified by the clerk. The court has no reason to doubt their accuracy or authenticity, and takes judicial notice of them.

Accordingly, with respect to Rodriguez, Citibank is a "person . . . to whom a debt is owed[,]" 15 U.S.C. § 1692a(4), and is therefore a creditor for purposes of the FDCPA. As a multitude of courts have previously held, Citibank is not acting as a "debt collector" when it acts to collect its own debts. *Wilkinson v. Wells Fargo, Citibank, et al*, 268 Fed.Appx. 476, 2008 WL 681810 (7th Cir. 2008); *Citibank (South Dakota) N.A. v. Sablic*, 55 A.D.3d 651, 653, 865 N.Y.S.2d 649, 651 (N.Y.A.D. 2 Dept. 2008) (" Citibank is not a debt collector within the meaning of the Fair Debt Collection Practices Act."); *Martin v. United Recovery Sys., LP*, 2007 Westlaw 4200385, 2 (M.D.Pa. 2007) ("Citibank originated the debt at issue; therefore, it is not a debt collector within the meaning of the FDCPA"); *Schaffhauser v. Citibank (South Dakota) N.A.*, 2007 Westlaw 2752141, 3 (M.D. Pa. 2007) ("Plaintiffs are credit card debtors who brought this federal action after being sued in a state court collection action. This is one of similar suits brought across the country against Citibank. In these cases, the courts have held that Citibank is not subject to the Fair Debt Collections Practices Act."); *Schlotman v. Citibank (South Dakota), N.A.*, 2007 Westlaw 1425474, 1 (W.D. Mo. 2007); *Sankowski v. Citibank (South Dakota), N.A.*, 2006 Westlaw 2037463 (E.D. Penn. 2006); *Doherty*

*v. Citibank (South Dakota), N.A.*, 375 F. Supp. 2d 158, 162 (E.D.N.Y. 2005); *Kloth v. Citibank (South Dakota), N.A.*, 33 F. Supp. 2d 115, 119 (D. Conn. 1998); *Meads v. Citicorp Credit Servs., Inc.*, 686 F. Supp. 330, 333-34 (S.D. Ga. 1988); *Ray v. Citibank (South Dakota), N.A.*, 187 F. Supp. 2d 719, 722 (W.D. Ky. 2001) (same). In light of that, Rodriguez's claim against Citibank is legally deficient, and it must be dismissed.

Even if that were not the case, however, Rodriguez has also failed to plausibly plead the fourth element of an FDCPA claim with respect to Citibank: that "the defendant has violated, by act or omission, a provision of the FDCPA." In the "Factual Allegations" section of the Complaint, Rodriguez lists actions taken by JB&R to collect the debt which might in theory violate the FDCPA, but fails to allege that Citibank itself took *any* action whatsoever to collect the debt that was owed. [DE 1 ¶¶ 17-18]. Thus, even if Citibank *was* a "debt collector," the Complaint provides no basis for a legal action against it under the FDCPA. In its brief, Citibank developed an argument rebutting what it believed might be a respondeat superior claim in Rodriguez's Complaint attempting to hold Citibank liable for the actions taken by JB&R as its debt collector. [DE 5 at 4-6]. The Court finds it unnecessary to consider that issue in depth. The "potential allegation" of respondeat superior in the Complaint amounts to one sentence:

> Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

[DE 1 ¶ 2]. Taken alone, that is woefully insufficient to state a claim of any sort. Far from plausibly pleading a claim for relief under a theory of respondeat superior, paragraph 2 fails to even mention the elements of such a claim. It is no reason to keep the suit against Citibank alive.

## CONCLUSION

In conclusion, Citibank's motion to dismiss [DE 4] is **GRANTED**. Citibank is a creditor, and not a debt collector, for the purposes of the FDCPA. As a result, the Complaint fails to state a claim against Citibank as a matter of law. JB&R did not join in the motion, and the suit may therefore proceed against the sole remaining defendant.

SO ORDERED.

ENTERED:  January 28, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court